VILAR, Demandante y Apelada, *v.* "El Ancora",
Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre cobro de cantidad.

No. 2457.—Resuelto en julio 26, 1921.

Excepción Previa de Otra Acción — Apelación — Revisión en Apelación de Prueba no Admitida.—Si el apelante no somete a la consideración del Tribunal Supremo los autos de un pleito que ofreciera en evidencia a la corte inferior para probar la existencia de otra acción pendiente entre las mismas partes por la misma causa, no es posible decidir en apelación que la orden que negó la admisión de tal prueba fué errónea.

Nuevo Juicio—Sorpresa.—Cuando la sorpresa que da fundamento a una moción de nuevo juicio consiste en que la parte condenada por la sentencia descansaba en que la acción no estaba establecida por la parte realmente interesada, y de la prueba aducida por el demandante resulta lo contrario, la resolución negatoria de nuevo juicio no es errónea, porque tal sorpresa no es aquella "que la ordinaria prudencia no pudo preveer."

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. G. Rodríguez.*

Abogados de la apelada: *Sres. Francis & De la Haba* y *L. Tormes.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

"El Ancora," compañía de aseguros, apela de una sentencia dictada a favor de la madre de uno de sus suscritores y de una orden declarando sin lugar una moción de nuevo juicio.

En el alegato no se hace señalamiento de errores por separado y las cuestiones de 'que se queja el apelante en el curso de su razonamiento contenido en un alegato sin páginas, no requieren amplia consideración.

La primera alegación es que la corte inferior cometió error al dictar sentencia a favor de la demandante no obstante haber reconocido en el fallo que la evidencia en general dió lugar a sospechas de que el asegurado estaba tuberculoso al ingresar en la sociedad. El hecho declarado probado por la corte y al cual se hace referencia es el siguiente:

"Por otra parte, la corte declara que, si bien de la evidencia presentada y apreciada en conjunto, aparecen algunas sospechas de que el asegurado Juan Vilar, al tiempo de ingresar en 'El Ancora' y a la época de su fallecimiento estuviera padeciendo de tuberculosis pulmonar, sin embargo, este hecho no ha sido probado satisfactoriamente, a juicio de la corte, habiéndose, por el contrario, presentado evidencia por la demandante, tendente a probar que dicho Juan Vilar no padecía de la referida enfermedad."

Los artículos 8 y 9 del reglamento de la sociedad prescriben lo siguiente:

"Artículo 8.—Para ingresar como suscriptor se requiere la formalidad de un examen médico. El facultativo que haga este examen será elegido por la administración la que se reservará el derecho de someterlo a un nuevo reconocimiento por su médico inspector, si el caso lo requiere.

"Artículo 9.—Previa la constancia de que el aspirante goza de perfecta salud o de alguna dolencia incapaz 'por sí' de causar la muerte en breve plazo a juicio del médico-inspector, la oficina le expedirá un certificado que le acredite como suscriptor, previo el pago de los derechos de inscripción correspondientes."

Un médico como testigo de la demandante declaró respecto a síntomas de una enfermedad del hígado más bien que de tuberculosis y en el razonamiento se insiste mucho en el requisito de perfecta salud, pero se pasa por alto la clara alternativa de "alguna dolencia incapaz por sí de causar la muerte en breve plazo a juicio del médico inspector." La demandada no hizo esfuerzo por demostrar en el juicio que una enfermedad del hígado como la descrita por el perito médico a que acabamos de referirnos es una enfermedad por sí capaz de causar la muerte en breve plazo, ni el informe del médico inspector quien como representante de la demandada examinó al solicitante fué presentado como prueba. Este informe estaba en poder de la demandada y el hecho de que la compañía aceptó el riesgo robustece mucho más la presunción que surge de no haberse presentado el documento. Dentro de las circunstancias no estamos dispuestos a modificar ni el hecho declarado probado citado en último término, ni la sentencia fundada en el mismo.

El segundo señalamiento es que la corte cometió error al comprender en su fallo el pago de intereses de la suma que se reclama en la demanda. La teoría en que descansa este señalamiento es que no teniendo capital propio la compañía, el solicitante celebró un contrato por virtud del cual el pago ha de hacerse con las cuotas impuestas y que se cobran a sus socios después de deducirse aquella parte que es indispensable para los gastos generales y como contribución para cierto fondo, como prescriben las cláusulas de incorporación. Pero ni el espíritu ni la letra de la cláusula citada por el apelante exime a la compañía del pago de intereses sobre la suma debida y no satisfecha a los suscritores por virtud de la póliza expedida por tal sociedad.

La tercera proposición es que la corte incurrió en error al admitir en evidencia un contrato privado de retro-cesión de un traspaso anterior de la póliza hecho por el asegurado con anterioridad a su fallecimiento y ratificado y reconocido

luego por la demandante como única y universal heredera del difunto.

Los artículos 1247 y 1198 del Código Civil se citan para probar la nulidad de tal rescición.   El artículo 1237 dispone que "deberán constar en documento público,   *   *   *   4°. la cesión, repudiación y renuncia de los derechos hereditarios o de los de la sociedad conyugal."   El documento en cuestión, sin embargo, no tenía por objeto traspasar ningún derecho hereditario del cedente, pero envolvía la retro-cesión de una póliza de aseguro por un cesionario del asegurado al único y universal heredero de tal asegurado, después de su falle-cimiento.   El artículo 1198 prescribe.que "los documentos privados hechos para alterar lo pactado en escritura pública no producen efectos contra terceros."·

Si la demandada hubiera pagado el importe de la póliza al primitivo cesionario después del traspaso hecho por él a la demandante, sin tener noticia de tal traspaso, el artículo citado últimamente sería aplicable, pero la prueba demues-tra por el contrario, que la demandada se negó a reconocer. como válida la primitiva cesión por el fundamento de que la misma no había sido otorgada a presencia de ciertos fun-cionarios de la compañía como lo exige el reglamento.   Ver-daderamente esta actitud por parte de la compañía parece haber sido la principal razón para la retro-cesión que ahora se ataca por los motivos arriba indicados.

La otra cuestión que se levanta en el alegato podría haber constituído suficiente motivo para la revocación si la apelante hubiera traído el pleito cuya admisión fué denegada.   La ale-gación es que la corte cometió error "al no admitir en evi-dencia el pleito de *mandamus* seguido ante la Corte de Dis-trito de Ponce por Juana María Vilar contra 'El Ancora,' para el cobro del importe de la póliza de que se trata, el cual fué ofrecido por la demandada para probar la existencia de otra acción pendiente entre las mismas partes, por la misma causa."

La contestación contenía una alegación afirmativa que liberalmente interpretada podría considerarse como una alegación de sobreseimiento por el fundamento de estar pendiente otra acción entre las mismas partes por la misma causa; pero no se llamó la atención de la corte inferior a esta circunstancia al momento de ofrecerse el pleito en la acción anterior, no como ha sugerido la apelante en el señalamiento de error sino en tanto como fué revelado por la manifestación del abogado entonces con el único objeto de demostrar que cierto procedimiento de *mandamus,* número 4881, estaba "pendiente de decisión en la Corte Suprema de Puerto Rico," por virtud de una apelación interpuesta contra la sentencia dictada por la corte de distrito. La corte inferior entonces sostuvo la objeción de la demandante a la admisión de tal pleito con el fin indicado, pero agregó que podría admitirse para probar ciertas fechas a que se hizo referencia al ofrecerse primero la misma prueba. No consta claramente si dicho pleito fué o no en realidad admitido, pero de todos modos, la apelante no ha traído el pleito así ofrecido y rechazado como prueba, y por esta razón no podemos revisar la orden que ahora se alega como error.

El quinto señalamiento es que la corte cometió error al denegar la concesión de un nuevo juicio. En la contestación la demandada alegó entre otras cosas "que la peticionaria Juana María Vilar por escritura pública de fecha 21 de agosto de 1915, ante el notario de Caguas, Sr. A. Mena, vendió los derechos de la póliza de Juan Vilar a Eleodoro Vilar y así lo comunicó a la compañía enviándole copia de la escritura de venta."

El principal si no el único fundamento de la moción de nuevo juicio y el punto en que más se ha insistido en apelación en este pleito es que la demandada fué sorprendida por la presentación de la retrocesión de la póliza, cuya admisibilidad ya hemos discutido y que basándose en la defensa de que la demandante no era la verdadera parte con interés,

y en el consejo de su abogado, y con el fin de evitar gasto innecesario, la demandada no había llevado sus testigos a la corte. El segundo testigo de la demandante declaró sin objeción tanto sobre la primitiva cesión como respecto a la retrocesión. Sin embargo, cuando el documento citado en último lugar fué presentado a este testigo el abogado de la demandada se opuso a que se siguiera declarando más respecto al mismo por el motivo de que era un documento privado y ya se había hecho referencia a un instrumento público. La demandante entonces ofreció el documento como prueba y la corte, aunque no se hizo ninguna otra objeción, a moción propia se reservó su resolución mientras se identificaba el documento. Al ser ofrecida y admitida nuevamente esta prueba no se formuló ninguna objeción a la misma, ni se tomó excepción. No es necesario que investiguemos ahora acerca de si la admisión de esta prueba de haberse formulado la debida objeción por la demandada, o la negativa a concederse a la demandada una oportunidad razonable para presentar sus testigos hecha oportunamente y la indicación de sorpresa en el juicio, hubiera constituído error que exigiera la revocación de la sentencia.

Si la alegación de sorpresa no fué cosa en que luego se pensó, o dicha alegación se presentó demasiado tarde al hacerse por primera vez como fundamento para un nuevo juicio, por lo menos no es "el accidente o sorpresa que la ordinaria prudencia no pudo prever" a que se refiere el Código de Enjuiciamiento Civil, y la corte inferior no cometió error al declarar sin lugar la moción.

La sentencia y orden apeladas deben ser confirmadas.

*Confirmadas la sentencia y orden apeladas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.